IN THE CIRCUIT COURT OF PULASKI COUNTY, ARKANSAS
_____ DIVISION

JACQUELINE PETIT                                                                                    PLAINTIFF

vs.                                                      NO. CV-

CHEDDAR'S CASUAL CAFE, INC.                                                          DEFENDANT

## COMPLAINT

Comes now the plaintiff, Jacqueline Petit, by and through her attorneys, Bud Whetstone and Kevin Odum of Whetstone and Odum and James F. Swindoll of the Law Office of James F. Swindoll, and for her complaint against the defendant, Cheddar's Casual Cafe, Inc., alleges and states:

1. That at all times relevant hereto, Jacqueline Petit was a resident and citizen of Pulaski County, Arkansas.

2. That the defendant Cheddar's Casual Cafe, Inc., is a foreign for profit corporation doing business as a restaurant in Little Rock, Arkansas and whose registered agent for service of process is The Corporation Company, 124 W. Capitol Avenue, Suite 1900, Little Rock, Arkansas 72201

3. That on May 30, 2013, Jacqueline Petit was a customer and business invitee on the premises of the defendant's restaurant at 400 S. University in Little Rock, Arkansas and was acting as a normal customer and was free from negligence or fault

4. That while she walking from the carpeted area to the tiled area, the floor contained slippery matter, she slipped in an area made dangerous and caused by defendant's agents, servant or employees during a cleanup of the area. There was no

1

warning and the slippery spot on the floor caused Jacqueline Petit to fall and sustain injuries hereinafter alleged.

5.  That during the building and installation of Cheddar's, the agents, servants or employees of Cheddar's selected and used a tile floor of convenience of operation and maintenance. At all times relevant hereto, Cheddar's knew that the selected tile and existing maintenance procedures at the restaurants would result in an unsafe condition that was foreseeable and presented a hazard to the customers. Such negligence includes but is not limited to:

a.  failing to keep the tile floor safe for used by patrons such as plaintiff;

b.  failing to take precautions in cleaning the tile floor to insure the tile floor was not made hazardous;

c.  failing to train and supervise employees who cleaned the tile floor;

d.  failing to follow industry standards that require the use of non-slip cleaners and non-slip floor coatings which reduce or eliminate this slipperiness; and

e.  otherwise failing to exercise ordinary care.

6.  The slippery area that caused plaintiff's fall was also caused by the negligence of the defendant's employees who failed to monitor the area to protect customers or to warn customers of the hazard created during their cleanup. Such negligence includes but is not limited to:

a.  failing to keep the floors of the restaurant free of hazards created during cleanups;

b.  failing to warn the customers imperiled by the hazard that it existed;

    c.    failing to monitor the hazard created by them to guard against customers encountering them;

    d.    failing to use industry recognized cleanup materials that protected customers including Jacqueline Petit from a slippery spot caused during cleanup;

    e.    failing to supervise the employees to insure that they did not create or ignore hazards that would injury customers such as Jacqueline Petit; and

    f.    otherwise failing to exercise ordinary care under the circumstances.

7.    That a direct and proximate result of the negligence and carelessness of the defendant and its employees, Jacqueline Petit sustained serious bodily injury.

8.    That as a direct result of the injury, the plaintiff has suffered the following:

    a.    permanent injuries that limit her for life;

    b.    reasonable medical expenses in the past and reasonably certain to be experienced in the future;

    c.    pain, suffering and mental anguish in the past and reasonably certain to be experienced in the future;

    d.    scarring and disfigurement;

    e.    loss of earnings in the past and reasonably certain to be experienced;

    f.    loss of ability to earn; and

    g.    loss of earning capacity.

9.    Jacqueline Petit prays for damages in an amount in excess of the minimum federal jurisdictional limits which at this time are Seventy Five Thousand Dollars, $75,000.00, exclusive of interest and cost.

10. The plaintiff prays for a trial by jury.

**WHEREFORE,** the plaintiff, Jacqueline Petit, prays for judgment of and against the defendant, Cheddar's Casual Cafe, Inc., for a sum in excess of $75,000.00, for her costs herein expensed and for a jury trial and for all other just and proper relief to which she may be entitled.

Respectfully submitted,

**BUD WHETSTONE**
**KEVIN ODUM**
**WHETSTONE & ODUM**
Attorneys at Law
8315 Cantrell Road, Suite 230
Little Rock, Arkansas 72223
(501) 376-3564

and

**JAMES F. SWINDOLL**
**Law Offices of James F. Swindoll**
Attorneys at Law
212 Center Street, Suite 300
Little Rock, Arkansas 72201
(501) 374-1290
(501) 374-3857 fax

/s/
--------------------------------
JAMES F. SWINDOLL, Bar No. 77131